IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SILO RESTAURANT INC. AND PHIL DYER | § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. 5:18-cv-1176 |
| | § | |
| ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY | § § | |
| *Defendant.* | § | |

## NOTICE OF REMOVAL

Defendant Allied Property and Casualty Insurance Company ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Silo Restaurant Inc. and Phil Dyer v. Allied Property and Casualty Insurance Company*; Cause No. 2018CI19413, In the 37th Judicial District Court of Bexar County, Texas.

## I.
## BACKGROUND

1. Plaintiffs Silo Restaurant Inc. and Phil Dyer (hereinafter, "Plaintiffs") initiated the present action by filing their Original Petition in Cause No. 2018CI19413, in the 37th Judicial District Court of Bexar County, Texas on October 8, 2018 (the "State Court Action").[1]

2. Defendant appeared and answered on November 2, 2018, asserting a general denial to the claims and allegations made in Plaintiffs' Original Petition.[2]

3. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated in **Exhibit A**.

---

[1] *See* **Exhibit A**, Plaintiffs' Original Petition with citation.

[2] *See* **Exhibit B**, Defendant's Original Answer.

1

4. Pursuant to 28 U.S.C. 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiffs through their attorney of record and to the clerk of the 37th Judicial District Court of Bexar County, Texas.

5. Pursuant to 28 U.S.C. §§ 1446(b)(1) and 1446(c)(1), this Notice of Removal has been timely filed within thirty (30) days of service on Defendant of Plaintiffs' Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

6. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.     Diversity of the Parties**

7. Plaintiff Silo Restaurant Inc. is a corporation duly formed and existing under the laws of the State of Texas, doing business in San Antonio, Bexar County, Texas. *See* **Exhibit A, ¶II**.

8. Plaintiff Phil Dyer is an individual and resident of Texas, therefore Dyer is a citizen of Texas. *See* **Exhibit A, ¶ II**.

9. Defendant Allied Property and Casualty Insurance Company is organized under the laws of the State of Iowa and maintains its principal place of business in Des Moines, Iowa. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Allied is a citizen of Iowa.

10. Accordingly, there is complete diversity between the properly joined parties pursuant to 28 U.S.C. § 1332(a).

**B.**     **Amount in Controversy**

11.     Plaintiffs' Original Petition states that "Plaintiffs seek monetary relief of over $200,000.00 but not more than $1,000,000.00 dollars." *See* Plaintiff's Original Petition, *See* **Exhibit A, ¶** VIII.  The threshold for diversity jurisdiction, $75,000, is therefore met by the allegations of Plaintiff's Original Petition.

12.     Plaintiffs further seek compensation for (1) actual damages, (2) consequential damages (3) treble damages, (4) punitive damages, (5) exemplary damages, (6) 18% penalty interest attorney's fees, (7) pre and post-judgment interest, and (8) attorney's fees. *See* **Exhibit A,** §§ VIII-XI. Plaintiffs have alleged that Defendant's conduct was wrongful and done knowingly, entitling them to a trebling of actual damages under Texas Insurance Code Chapter 541.  *See* **Exhibit A,** §X; Tex. Ins. Code sections 541.002 & 541.152.  Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[3]

13.     The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. *See* **Exhibit A**.  Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

### III.
### CONCLUSION

14.     Removal of this action under 28 U.S.C. § 1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

15.     WHEREFORE, Defendant Allied Property and Casualty Insurance Company hereby provides notice that this action is duly removed.

---

[3]     *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

Respectfully submitted,

*/s/ Patrick M. Kemp*

Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing instrument has been served via certified mail, return receipt requested on this 9th day of November, 2018, to:

| | |
|---|---|
| W. Lee Calhoun | *#9414 7266 9904 2061 9269 04* |
| Shelly Calhoun | |
| Calhoun Law Firm | |
| 1350 N. Loop 1604 E. Ste 104 | |
| San Antonio, Texas 78232 | |
| lee@calhounattorney.com | |
| shelly@calhounattorney.com | |

                                  */s/ Patrick M. Kemp*
                                  Patrick M. Kemp